UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAZARO R. TABOADA,

Petitioner,

v.

WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,

Respondents.

Case No. 1:26-cv-08006-JLT-HBK (HC)

ORDER DIRECTING SUPPLEMENTAL BRIEFING

FOURTEEN-DAY DEADLINE

Petitioner, an immigration detainee in the custody of U.S. Immigration and Customs Enforcement (ICE) at the Central Valley Annex Detention Facility in McFarland, California, has a pro petition for writ of habeas corpus pending under 28 U.S.C. § 2241. (Doc. 1, "Petition"). Liberally construed, the petition challenges Petitioner's continued detention following a final removal order, alleging, *inter alia*, due process violations because there is no significant likelihood that he will be removed in the reasonably foreseeable future, and ICE failed to follow its own regulations in revoking his release. (*Id*. at 2-18). Petition seeks, *inter alia*, release from custody. (*Id*. at 19).

On October 20, 2026, Respondents filed a response arguing only that the Court should dismiss the Petition under the first to file rule because Petitioner filed a petition for writ of habeas corpus in the Western District of Louisiana where he was initially detained on April 15, 2026, and that action remains pending. (Doc. 11); *see Taboada Diaz v. U.S. Immigration & Customs*

*Enforcement*, Case No. 6:26-cv-01200 (W.D. La.) (motion for temporary restraining order was denied on April 22, 2026). Respondents do not address the merits of Petitioner's claims.

Upon review of the documents submitted by Respondents, it appears Petitioner's detention under 8 U.S.C. § 1231(a)(6) has exceeded the presumptively reasonable six-month period. (*See* Doc. 11 at 10 (Western District of Louisiana denial of temporary restraining order on April 22, 2026 as premature, because Petitioner was detained on November 7, 2025 and his detention under 8 U.S.C. § 1231(a)(6) had not exceeded the presumptively reasonable six-month period); *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). After that period, a noncitizen may be entitled to release upon a showing there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701.

Additional information would assist the Court in addressing Respondents' arguments regarding first to file and/or the duplicative nature of the pending petitions, and, if necessary, resolving the merits of the Petition.

Accordingly, IT IS ORDERED:

1. Within fourteen (14) days of this Order, Respondents shall file a supplemental brief, including:
    a. A copy of the initial petition for writ of habeas corpus filed in the Western District of Louisiana, and any relevant updates as to the status of that petition.
    b. All documents necessary for resolving the merits of the instant Petition, including all referenced/relevant portions of Petitioner's A-file and any and all available records regarding the status of Petitioner's removal proceedings and compliance with the applicable regulations regarding the revocation of any order of supervision.
    c. The status of Petitioner's removal proceedings under 8 U.S.C. § 1231(a)(6), supported by a declaration based on personal knowledge and relevant documentary evidence, addressing whether there is a significant likelihood that Petitioner will be removed in the reasonably foreseeable future. Respondents shall provide concrete, current, and case-specific information regarding: (a) the status of travel

documents and the receiving country's willingness to accept Petitioner; (b) the steps taken to effect removal and the results of those efforts; (c) any remaining legal, diplomatic, or logistical barriers; and (d) a good-faith estimate, supported by facts, of when removal is expected to occur. Generalized or conclusory assertions that removal remains possible will not suffice.

2. Within seven (7) days after service of Respondents' supplemental briefing, Petitioner may file a response addressing the same issue and providing additional argument or legal authority.

Dated: October 23, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE